UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ameer A. Hashw,<br><br>　　　　Plaintiff,<br><br>v.<br><br>FMA Alliance, Ltd.,<br><br>　　　　Defendant. | **COMPLAINT AND<br>DEMAND FOR A JURY TRIAL** |

## INTRODUCTION

1.　　This is an action for damages brought by Ameer A. Hashw against FMA Alliance, Ltd., for their repeated violations of the Telephone Consumer Protection Act, 15 U.S.C. §227 *et seq*. ("TCPA") and invasions of privacy.

## JURISDICTION

2.　　Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction exists for state law claims under 28 U.S.C. § 1367.

3.　　Venue is proper in this district because the relevant acts and transactions occurred within Minnesota, Plaintiff resides within Minnesota and Defendant transacts business within Minnesota.

## PARTIES

4.　　Plaintiff, Ameer A. Hashw, is a natural person residing in the City of Minneapolis, County of Hennepin and State of Minnesota.

5.      Defendant, FMA Alliance, Ltd., ("FMA") is a Texas limited partnership engaged in the business of collecting debts in Minnesota with its principal place of business located at 12339 Cutten Road, Houston, Texas.

## BACKGROUND

6.      Sometime prior to January 1, 2009, Plaintiff allegedly incurred a financial obligation, namely a balance due on a credit card financed by Bank of America N.A. ("the Debt" or "alleged Debt").

7.      The Debt was a financial obligation that was primarily incurred for personal, family or household purposes.

8.      Plaintiff was unable to pay the balance due on the alleged Debt and it went into default and was ultimately charged off by Bank of America.

9.      Upon information and belief, on or around July 1, 2011, Bank of America assigned, sold or otherwise transferred the alleged Debt to Defendant FMA for collection from Plaintiff.

*Telephone Consumer Protection Act*

10.     At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(39).

11.     At all times relevant to this complaint, Defendant FMA has owned, operated, and/or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(16) that originated, routed, and/or terminated telecommunications.

12.     Defendant FMA at all times relevant to the complaint herein engages in "telecommunications" defined by the TCPA 47 U.S.C. § 153(50).

13. Defendant FMA at all times relevant to the complaint herein engages in "interstate communications" by the TCPA 47 U.S.C. § 153(28).

14. At all times relevant to this complaint, the Defendant FMA has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(59), that existed as instrumentalities of interstate and intrastate commerce.

15. At all times relevant to this complaint, Defendant FMA has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

## SPECIFIC CALLS

16. Throughout the days and months from July 1, 2011, until September 1, 2011, Defendant FMA made repeated phone calls to Plaintiff's cellular telephone using an automatic telephone dialing system in an attempt to collect the alleged Debt from Plaintiff.

17. Paragraphs 18 - 22 describe some of the collection calls Defendant FMA made to Plaintiff's cellular telephone using an automatic telephone dialing system.

18. On July 20, 2011 at 1:42 p.m. (CST), Defendant FMA Alliance made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller identification was "281-670-1529." Defendant FMA employee, Felicia Goode, left the following message on Plaintiff's voicemail:

> "This is Felicia Goode calling from FMA Alliance with a personal and private message for Ameerr Hashw. If we've reached the wrong number for this person, please call us back at 877-839-9070 to

remove your phone number.  If you are not Ameer Hashw, please hang up.  If you are Ameer Hashw, please continue to listen to this message. Ameer Hashw, this message contains personal information, so you should listen to this message in private so that other people cannot hear the message.  Ameer Hashw, call Felicia Goode as soon as possible at 877-839-9070 extension 3206, reference file 27672806.  This is an attempt to collect a debt.  Any information obtained will be used for this purpose. Contact us as soon as possible to discuss special offers available to you for this month."

19. On July 25, 2011, at 8:34 PM (CST), Defendant FMA Alliance made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller identification was "281-670-1529." Defendant FMA employee, Felicia Goode, left the following message on Plaintiff's voicemail:

"This is Felicia Goode calling from FMA Alliance with a personal and private message for Ameer Hashw.  If we've reached the wrong number for this person, please call us back at 877-839-9070 to remove your phone number.  If you are not Ameer Hashw, please hang up.  If you are Ameer Hashw, please continue to listen to this message. Ameer Hashw, this message contains personal information, and you should listen to this message in private so that other people cannot hear the message.  Ameer Hashw, call Felicia Goode as soon as possible at 877-839-9070 extension 3206, reference file 27672806.  This is an attempt to collect a debt.  Any information obtained will be used for this purpose.  Contact us as soon as possible to discuss special offers available to you for this month."

20. On July 26, 2011, at 1:03 p.m. (CST), Defendant FMA Alliance made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller identification was "281-670-1529." Defendant FMA employee, Felicia Goode, left the following message on Plaintiff's voicemail:

> "This is Felicia Goode calling from FMA Alliance with a personal and private message for Ameer Hashw. If you're not this person, please call us back at 877-839-9070 to remove your phone number. If you are not Ameer Hashw, please hang up. If you are Ameer Hashw, please continue to listen to this message. Ameer Hashw, this message contains personal information, and you should listen to this message in private so that other people cannot hear the message. Ameer Hashw, call Felicia Goode (sp?) as soon as possible at 877-839-9070 extension 3206, reference file 27672806. This is an attempt to collect a debt. Any information obtained will be used for this purpose. Contact us as soon as possible to discuss special offers available to you for this month."

21. On July 28, 2011, at 3:51 PM (CST), Defendant FMA Alliance made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller identification was "281-670-1529." Defendant FMA employee, Ms. Jackson, left the following message on Plaintiff's voicemail:

> "This is Ms. Jackson calling from FMA Alliance with a personal and private message for Ameer Hashw. If we've reached the wrong number for this person, please call us back at 877-839-9070 to remove your phone number. If you are not Ameer Hashw, please hang up. If you are Ameer Hashw, please continue to listen to this message. Ameer Hashw, this message contains personal information, and you should listen to this message in private so that other people cannot hear the message. Ameer Hashw, call Ms. Jackson as soon as possible at 877-839-9070 extension 3157, reference file 27672806. This is an attempt to collect a debt. Any information obtained will be used for this purpose. Contact us as soon as possible to discuss special offers available to you for this month."

22. On August 1, 2011, at 12:40 PM (CST), Defendant FMA Alliance made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller identification was "281-670-1529."

Defendant FMA employee, Felicia Goode, left the following message on Plaintiff's voicemail:

> "This is Felicia Goode calling from FMA Alliance with a personal and private message for Ameer Hashw. If we have reached the wrong number for this person, please call us back at 877-839-9070 to remove your phone number. If you are not Ameer Hashw, please hang up. If you are Ameer Hashw, please continue to listen to this message. Ameer Hashw, this message contains personal information, and you should listen to this message in private so that other people cannot hear the message. Ameer Hashw, call Felicia Goode as soon as possible at 877-839-9070 extension 3206, reference file 27672806. This is an attempt to collect a debt. Any information obtained will be used for this purpose. Contact us as soon as possible to discuss special offers available to you for this month."

### CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227(B)(1)

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Within the three year period immediately preceding this action, Defendant FMA made numerous calls to the Plaintiff's cellular telephone service using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

25. The acts and or omissions of Defendant FMA at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

6

26.     As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant FMA at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

27.     Defendant FMA did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

28.     Under the 47 U.S.C. Section 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

29.     Defendant FMA willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227(b)(3).

30.     Plaintiff is entitled to injunctive relief prohibiting Defendant FMA from contacting the Plaintiff on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

## COUNT II.
### INVASION OF PRIVACY BY INTRUSION ON SECLUSION

31.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

32.     Congress recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **<u>each financial institution has an affirmative and continuing obligation to respect the privacy of its customers</u>** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

33. Defendant FMA and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by repeatedly and unlawfully making phone calls to Plaintiff in violation of the TCPA. *See Owners Ins. Co. v. European Auto Works, Inc.* 695 F.3d 814, 819 – 820 (8th Cir. 2012) ("We conclude that the ordinary meaning of the term "right of privacy" easily includes violations of the type of privacy interest protected by the TCPA. Our court has previously stated that violations of the TCPA are " 'invasions of privacy' under [the] ordinary, lay meaning[] of the[] phrase [].")(quoting *Universal Underwriters Ins. Co. v. Lou Fusz Auto. Network, Inc.*, 401 F.3d 876, 881 (8th Cir. 2005)).

34. Defendant FMA and its agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

35. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs.

36. The conduct of Defendant FMA and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and

invasions of privacy by Defendant FMA which occurred in a way that would be highly offensive to a reasonable person in that position.

37. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

### COUNT III.
### NEGLIGENCE

38. Defendant FMA knew or should have known that the phone calls Defendant FMA made were illegal and would result in actual damages being suffered by Plaintiff.

39. Defendant FMA knew or should have known there was a high risk of harm to Plaintiff when it made illegal phone calls to Plaintiff's cell phone and Defendant FMA proceeded to act in deliberate disregard and indifference to that risk.

40. As a direct and proximate result of Defendant FMA's violations of Plaintiff's privacy and the Telephone Consumer Protection Act, Plaintiff suffered actual damages in the form of emotional distress.

### PRAYER FOR RELIEF

**THEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant FMA for the following:

### COUNT I.
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

1. For a declaration that Defendants telephone calls to Plaintiff violated the TCPA;

2. For an award of damages consistent with the TCPA, 47 U.S.C. § 227(b)(3)(B);

3. For an award of triple the damages available under 47 U.S.C. § 227(b)(3) for willful or knowing violations of the TCPA;

4. For a permanent injunction prohibiting Defendant FMA from placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

5. Such other or further relief as the Court deems proper;

## COUNT II.
### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

6. For an award of actual damages for the emotional distress suffered as a result of the FDCPA violations and invasions of privacy in an amount to be determined at trial; and

7. For such other and further relief as may be just and proper.

## COUNT III.
### NEGLIGENCE

8. For an award of actual damages for the emotional distress suffered as a result of Defendant's negligence in an amount to be determined at trial; and

9. For such other and further relief as may be just and proper.

                                            Respectfully Submitted,

                                            **HEANEY LAW FIRM, LLC**

Date: **March 27, 2013**

                                            Mark L. Heaney
                                            Attorney I.D. #0333219
                                            13911 Ridgedale Drive, Suite 110
                                            Minnetonka, Minnesota 55305-1773
                                            Telephone: (952) 933-9655
                                            Email: mark@heaneylaw.com